U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 0 5 2012

CHRIS R. JOHNSON, **Clerk**
By
~~Deputy Clerk~~

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**BETTY AARON, ROBIN BIRDEN,**                                    **PLAINTIFFS**
**BARBARA EVANS, LASONYA HARRIS,**
**STACIE HILL, MICHELLE HUBBARD,**
**DAVID KELLEY, SHARON LANGSTON,**
**LATASHA OLIVER, SAMANTHA PACE,**
**HAZEL TAYLOR, STEPHANIE WATSON,**
**AND LAURA WRIGHT,**
**INDIVIDUALLY & ON BEHALF OF**
**OTHERS SIMILARLY SITUATED,**

v.                           Case No. __12-1112__

**SUMMIT HEALTH AND REHABILITATION , LLC,**
**PROGRESSIVE ELDERCARE SERVICES-BRYANT, INC. d/b/a**
**SOUTHERN TRACE REHABILITATION AND CARE CENTER,**
**COURTYARD REHABILITATION AND HEALTH CENTER, LLC,**
**SA ELDERCARE, LLC, PROGRESSIVE ELDERCARE**
**SERVICES-MORRILTON, INC. d/b/a BROOKRIDGE COVE**
**REHABILITATION AND CARE CENTER, AND JOHN PONTHIE,**
**individually and in his capacity as owner, manager, officer,**
**and/or incorporators of the above referenced corporate Defendants**          **DEFENDANTS**

---

## COLLECTIVE ACTION COMPLAINT

---

Come now Plaintiffs Betty Aaron, Robin Birden, Barbara Evans, LaSonya Harris, Stacie

Hill, Michelle Hubbard, David Kelley, Sharon Langston, LaTasha Oliver, Samantha Pace, Hazel

Taylor, Stephanie Watson, and Laura Wright, individually and on behalf of others similarly

situated, by and through their attorneys, Holleman & Associates, P.A., Law Office of Thomas G.

Buchanan, and Donati Law Firm, LLP, and bring this Collective Action Complaint (hereinafter

"Complaint") against Defendants Summit Health and Rehabilitation, LLC, Progressive Eldercare

Services-Bryant, Inc. d/b/a Southern Trace Rehabilitation and Care Center, Courtyard Rehabilitation and Health Center, LLC, SA Eldercare, LLC, Progressive Eldercare Services-Morrilton, Inc. d/b/a Brookridge Cove Rehabilitation and Care Center, and John Ponthie, individually and in his capacity as owner, manager, officer, and/or incorporator of Summit Health and Rehabilitation, LLC, Southern Trace Rehabilitation and Care Center, Court yard Rehabilitation and Health Center, LLC and Brookridge Cove Rehabilitation and Care Center (hereinafter collectively referred to as "Defendants"), for violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. Plaintiffs state and allege as follows:

## I.    INTRODUCTION

1.    Defendant John Ponthie owns in whole or in part various nursing homes throughout the state of Arkansas. A number of the nursing homes in question are owned by Defendant Ponthie individually, others are owned through Defendant-controlled domestic limited liability companies such as JEJ Investments, LLC and RMJ Interests, LLC. Regardless of method of ownership, John Ponthie is responsible for a network of Arkansas nursing homes that have consistently failed to pay their employees the overtime wages mandated by the FLSA.

## II.    JURISDICTION

2.    Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a). Venue lies within the district, pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

### A. Plaintiffs

3.      Plaintiff Betty Aaron is a resident and citizen of Union County, Arkansas. From 1997 through the present, Plaintiff Aaron was employed as a Certified Nurse Assistant (hereinafter "CNA") at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

4.      Plaintiff Robin Birden is a resident and citizen of Union County, Arkansas. From 1994 to February 2010, Plaintiff Birden was employed as a rehabilitative CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

5.      Plaintiff Barbara Evans is a resident and citizen of Union County, Arkansas. From 2002 to the Present, Plaintiff Evans was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

6.      Plaintiff Lasonya Harris is a resident and citizen of Lafayette County, Arkansas. From July, 2006 to August, 2011 Plaintiff Harris was employed as a CNA at the Summit Health & Rehab Center nursing home and rehab facility located in Taylor, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

7.     Plaintiff Stacie Hill is a resident and citizen of Union County, Arkansas. From approximately 2007 to September, 2009, Plaintiff Hill was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

8.     Plaintiff Michelle Hubbard is a resident and citizen of Union County, Arkansas. From 2001 to July 2010, Plaintiff Hubbard was employed as a Licensed Practitioner Nurse (hereinafter "LPN") at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

9.     Plaintiff David Kelley is a resident and citizen of Perry County, Arkansas. From approximately June, 2007 to January, 2012 Plaintiff Kelley was employed as a Maintenance Director at the Brookridge Cove Rehabilitation and Care Center nursing home and rehab facility located in Morrilton, Arkansas. At all times relevant to this complaint he was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

10.     Plaintiff Sharon Langston is a resident and citizen of Lafayette County, Arkansas. From March, 2011 to December, 2011 Plaintiff Langston was employed as a CNA at the Summit Health & Rehab Center nursing home and rehab facility located in Taylor, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

11.     Plaintiff Latasha Oliver is a resident and citizen of Pulaski County, Arkansas. From May, 2007 to June, 2011 Plaintiff was employed as a CNA at the Southern Trace Rehabilitation and Care Center nursing home and rehab facility located in Bryant, Arkansas. At

all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

12.     Plaintiff Samantha Pace is a resident and citizen of Union County, Arkansas. From approximately August, 2008 to June, 2009, Plaintiff Pace was employed as a LPN at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

13.     Plaintiff Hazel Taylor is a resident and citizen of Lafayette County, Arkansas. From approximately December, 2008 to April, 2010 Plaintiff was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in Morrilton, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

14.     Plaintiff Stephanie Watson is a resident and citizen of Union County, Arkansas. From April 15, 2008 through the present, Plaintiff Watson was employed as a Certified Nurse Assistant (hereinafter "CNA") at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

15.     Plaintiff Laura Wright is a resident and citizen of Union County, Arkansas. From approximately 2002 to the Present, Plaintiff Wright was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas. At all times relevant to this complaint she was classified as an hourly employee and non-exempt from the overtime requirements of the FLSA.

**B. Defendants**

### JOHN PONTHIE

16. Defendant Ponthie owns and operates numerous nursing homes throughout the state of Arkansas including the facilities where Plaintiffs were employed. Upon information and belief, Defendant Ponthie owns:

> a) 25% of Courtyard Rehabilitation and Health Center, LLC through JEJ Investments, LLC;
>
> b) Roughly 70% of Summit Health and Rehabilitation, LLC together with Ross Ponthie and Mark Thompson through RMJ Interests, LLC;
>
> c) An interest in Southern Trace Rehabilitation and Care Center; and
>
> d) An interest in Brookridge Cove Rehabilitation and Care Center.

17. As an owner and officer of Courtyard Rehabilitation and Health Center, LLC, Summit Health and Rehabilitation, LLC, Southern Trace Rehabilitation and Care Center, and Brookridge Cove Rehabilitation and Care Center, Defendant Ponthie had control over Plaintiffs' conditions of employment, including but not limited to their wages, schedule, the manner in which their work was performed, etc.

18. At all relevant times, Plaintiffs were Defendant Ponthie's employees within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (e)(1).

### COURTYARD REHABILITATION AND HEALTH CENTER, LLC

19. Defendant Courtyard Rehabilitation and Health Center, LLC (hereinafter

6

"Courtyard") is an Arkansas limited liability company, with its principal place of business located in El Dorado, AR.  Courtyard's registered agent for service is Amy M. Wilbourn, 234 East Millsap Road Suite 400, Fayetteville, AR 72703.

20. SA Eldercare LLC and John Ponthie are owners of Courtyard.

21. Courtyard does business as Courtyard Rehabilitation and Health Center, an Arkansas nursing and rehabilitation home.

22. Arkansas' Skilled Nursing Facility Directory maintained by the Arkansas Department of Human Services (pertinent pages attached as Exhibit A ) notes that 25% of Courtyard is owned by JEJ Investments, LLC (of which John Ponthie is the sole member).

23. At all relevant times, Courtyard was "primarily engaged in the care of the sick, the aged, or the mentally ill", and is a covered employer under Section 3(s)(1)(B) of the FLSA.

24. At all relevant times, Plaintiffs were Courtyard's employees within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (e)(1).

**SA ELDERCARE, LLC**

25. Defendant SA ElderCare, LLC (hereinafter "ElderCare") is an Arkansas limited liability company, with its principal place of business located in El Dorado, AR. ElderCare's registered agent for service is Gerald Crochet, 10201 W. Markham, STE. 213 Little Rock, AR 72205.

26. ElderCare owns 40% of Courtyard Rehabilitation and Health Center. (See Exhibit A).

27. ElderCare, LLC had control over Plaintiffs' conditions of employment, including but not limited to their wages, schedule, the manner in which their work was performed, etc.

7

28.    At all relevant times, ElderCare was "primarily engaged in the care of the sick, the aged, or the mentally ill", and is a covered employer under Section 3(s)(1)(B) of the FLSA.

29.    At all relevant times, Plaintiffs were ElderCare's employees within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (e)(1).

### SUMMIT HEALTH AND REHABILITATION, LLC

30.    Defendant Summit Health and Rehabilitation, LLC (hereinafter "Summit") is an Arkansas limited liability company, with its principal place of business located in Taylor, AR. John Ponthie, through RMJ Interests LLC, is the majority owner of the company. Summit's registered agent for service is Amy M. Wilbourn, 234 East Millsap Road Suite 400, Fayetteville, AR 72703.

31.    Summit does business as Summit Health & Rehab, an Arkansas nursing and rehabilitation home.

32.    John Ponthie is an owner and officer of Summit and had control over Plaintiffs' conditions of employment, including but not limited to their wages, schedule, the manner in which her work was performed, etc.

33.    At all relevant times, Summit was "primarily engaged in the care of the sick, the aged, or the mentally ill", and is a covered employer under Section 3(s)(1)(B) of the FLSA.

34.    At all relevant times, Plaintiffs Langston and Harris were Summit's employees within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (e)(1).

### PROGRESSIVE ELDERCARE SERVICES-BRYANT, INC.

35.    Defendant Progressive Eldercare Services-Bryant, Inc., doing business as Southern Trace Rehabilitation and Care Center (hereinafter "Southern Trace") is an Arkansas

corporation, with its principal place of business in Bryant, Arkansas. Its registered agent for service is Christopher C. May, Suite 400, 234 East Millsap Road, Fayetteville, AR 72703.

36.     John Ponthie is the incorporator of Southern Trace.

37.     Southern Trace had control over Plaintiff Oliver's conditions of employment, including but not limited to her wages, schedule, the manner in which her work was performed, etc.

38.     At all relevant times, Southern Trace was "primarily engaged in the care of the sick, the aged, or the mentally ill", and is a covered employer under Section 3(s)(1)(B) of the FLSA.

39.     At all relevant times, Plaintiff Oliver was Southern Trace's employee within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (e)(1).

**PROGRESSIVE ELDERCARE SERVICES-MORRILTON, INC.**

40.     Defendant Progressive Eldercare Services-Morrilton, Inc., doing business as Brookridge Cove Rehabilitation and Care Center (hereinafter "Brookridge Cove") is an Arkansas corporation, with its principal place of business in Morrilton, Arkansas. Its registered agent for service is Christopher C. May, Suite 400, 234 East Millsap Road, Fayetteville, AR 72703.

41.     John Ponthie is the incorporator of Brookridge Cove.

42.     Brookridge Cove had control over Plaintiff Kelley's conditions of employment, including but not limited to his wages, schedule, the manner in which her work was performed, etc.

43.     At all relevant times, Brookridge Cove was "primarily engaged in the care of the sick, the aged, or the mentally ill", and is a covered employer under Section 3(s)(1)(B) of the FLSA.

9

44. At all relevant times, Plaintiff Kelley was Brookridge Cove's employee within the meaning of the FLSA, 29 U.S.C. § 203 (d) and (e)(1).

## IV. FACTS

### Defendant John Ponthie Owns and Operates Numerous Nursing Homes in the State of Arkansas and is the Employer of Plaintiffs.

45. Defendants John Ponthie, together with other individuals, owns and operates approximately fifteen (15) nursing homes throughout the state of Arkansas:

a. Belle Meade, A Rehabilitation And Guest Care Facility
b. Belle View Estates Rehabilitation and Care Center
c. Brookridge Cove Rehabilitation and Care Center
d. Cedar Lodge Nursing Center
e. Courtyard Rehabilitation and Health Center, LLC
f. Heartland Rehabilitation and Care Center
g. Highland Court, A Rehabilitation and Resident Care Facility
h. Lake Village Rehabilitation and Care Center
i. River Chase Rehabilitation and Care Center
j. River Ridge Rehabilitation and Care Center
k. Southern Trace Rehabilitation and Care Center
l. St. Johns Place of Arkansas, LLC
m. Summit Health and Rehab Center
n. The Green House Cottages of the Southern Hills
o. The Green House Cottages of Wentworth Place

46. Defendant Ponthie creates and enforces policies of Courtyard, Summit, Southern Trace, and Brookridge Cove and make decisions affecting the wages and hours of their employees, including Plaintiffs and those similarly situated.

47. Defendant Ponthie manages and controls Courtyard, Summit, Southern Trace and Brookridge Cove and make all critical decisions regarding staffing, budgets and census. Defendant Ponthie benefits financially from the policies, decisions, control and management of the facilities in the form of income and profits received by them.

10

**Plaintiffs**

48.    Plaintiffs bring this action on behalf of themselves and on behalf of all other hourly employees of Defendants, who worked hours for which they were not adequately compensated, in contravention of the requirements of the FLSA.

49.    Given the demands of the health care industry and staffing shortages, Defendants know that in order to get their assigned tasks done, Plaintiffs and others similarly situated have to work through their unpaid meal breaks.

50.    Defendants' meal break policy of uniformly deducting thirty minutes regardless of whether their employees actually take any lunch results in Plaintiffs working a minimum of 2.5 hours each week for which they are not compensated.

51.    Further, Defendants improperly and illegally shift the burden to Plaintiffs and others similarly situated to ensure that non-qualifying meal breaks are not deducted from their pay.

52.    In addition, Plaintiffs are often required to work before and after their shifts off the clock, resulting in an additional 1 to 2 hours per week of work time for which plaintiffs are not compensated.

53.    Plaintiffs are entitled to compensation for all hours worked in excess of 40 per week at a rate not less than one and one-half (1.5) times their regular rate of pay.

**Plaintiff Betty Aaron**

54.    From 1997 through the present, Plaintiff Aaron was employed as a Certified Nurse Assistant (hereinafter "CNA") at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

55.    Courtyard has a 101 bed capacity.

56.     As a CNA, Plaintiff Aaron's primary job duty was nursing, and taking care of the patients of the facility.

57.     Plaintiff Aaron had to work through her lunch on a regular basis due to understaffing and business of the facility.

58.     Courtyard knew about Plaintiff Aaron working through her lunch time, and yet deducted 30 minutes from Plaintiff Aaron's time reports on a daily basis.  As a result, Plaintiff Aaron was not compensated for hours worked during her lunch time.

59.     Plaintiff Aaron complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

60.     Plaintiff Aaron regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Robin Birden**

61.     From 1994 to February 2010, Plaintiff Birden was employed as a rehabilitative CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

62.     As a CNA, Plaintiff Birden's primary job duty was nursing, and taking care of the patients of the facility.

63.     Plaintiff Birden had to work through her lunch on a regular basis due to understaffing and business of the facility.

64.     Courtyard knew about Plaintiff Birden working through her lunch time, and yet deducted 30 minutes from Plaintiff Birden's time reports on a daily basis.  As a result, Plaintiff Birden was not compensated for hours worked during her lunch time.

65. Plaintiff Birden complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

66. Plaintiff Birden regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Barbara Evans**

67. From 2002 to the Present, Plaintiff Evans was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

68. As a CNA, Plaintiff Evans' primary job duty was nursing, and taking care of the patients of the facility.

69. Plaintiff Evans had to work through her lunch on a regular basis due to understaffing and business of the facility.

70. Courtyard knew about Plaintiff Evans working through her lunch time, and yet deducted 30 minutes from Plaintiff Evans' time reports on a daily basis. As a result, Plaintiff Evans was not compensated for hours worked during her lunch time.

71. Plaintiff Evans complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

72. Plaintiff Evans regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Lasonya Harris**

73. From May, 2007 to June, 2011 Plaintiff was employed as a CNA at the Summit Health & Rehab Center nursing home and rehab facility located in Taylor, Arkansas.

74. As a CNA, Plaintiff Harris' primary job duty was nursing, and taking care of the patients of the facility.

75. Plaintiff Harris had to work through her lunch on a regular basis due to understaffing and business of the facility.

76. Summit was aware that Plaintiff Harris was working through her lunch time, and yet deducted 30 minutes from Plaintiff Harris' time reports on a daily basis. As a result, Plaintiff Harris was not compensated for hours worked during her lunch time.

77. Plaintiff Harris complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

78. Plaintiff Harris regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Stacie Hill**

79. From 2007 to September, 2009, Plaintiff Hill was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

80. As a CNA, Plaintiff Hill's primary job duty was nursing, and taking care of the patients of the facility.

81. Plaintiff Hill had to work through her lunch on a regular basis due to understaffing and business of the facility.

82. Courtyard knew about Plaintiff Hill working through her lunch time, and yet deducted 30 minutes from Plaintiff Hill's time reports on a daily basis. As a result, Plaintiff Hill was not compensated for hours worked during her lunch time.

83. Plaintiff Hill complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

84. Plaintiff Hill regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Michelle Hubbard**

85. From 2001 to July 2010, Plaintiff Hubbard was employed as a Licensed Practitioner Nurse (hereinafter "LPN") at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

86. As an LPN, Plaintiff Hubbard's primary job duty was nursing, and taking care of the patients of the facility.

87. Plaintiff Hubbard had to work through her lunch on a regular basis due to understaffing and business of the facility.

88. Courtyard knew about Plaintiff Hubbard working through her lunch time, and yet deducted 30 minutes from Plaintiff Watson's time reports on a daily basis. As a result, Plaintiff Hubbard was not compensated for hours worked during her lunch time.

89. Plaintiff Hubbard complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

90. Plaintiff Hubbard regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff David Kelley**

91. From June, 2007 to January, 2012 Plaintiff was employed as a Maintenance Director at the Brookridge Cove Rehabilitation and Care Center nursing home and rehab facility located in Morrilton, Arkansas.

92.     As a Maintenance Director, Plaintiff Kelley's primary job duty was general maintenance of the facility.  During most of his tenure with Brookride Cove, Plaintiff Kelley was the only individual working in the maintenance department.  For brief periods of time, Defendant also employed a maintenance assistant who worked with Plaintiff Kelley.

93.     Plaintiff Kelley had to work through his lunch on a regular basis due to understaffing and business of the facility.

94.     Brookridge Cove was aware that Plaintiff Kelley was working through his lunch time, and yet deducted 30 minutes from Plaintiff Kelley's time reports on a daily basis.  As a result, Plaintiff Kelley was not compensated for hours worked during his lunch time.

95.     Plaintiff Kelley was frequently called back in to work during his off-duty hours and required to perform additional work for which he was not compensated.  Defendant failed to keep an accurate record of this time.  Plaintiff Kelley's best estimate is that he worked 5 to 8 hours per week, off the clock, for which he was not compensated.

96.     Plaintiff Kelley complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

**Plaintiff Sharon Langston**

97.     From March, 2011 to December 2011, Plaintiff Langston was employed as a CNA at the Summit Health & Rehab Center nursing home and rehab facility located in Taylor, Arkansas.

98.     As a CNA, Plaintiff Langston's primary job duty was nursing, and taking care of the patients of the facility.

99.     Plaintiff Langston had to work through her lunch on a regular basis due to understaffing and business of the facility.

100.     Summit knew about Plaintiff Langston working through her lunch time, and yet deducted 30 minutes from Plaintiff Langston's time reports on a daily basis. As a result, Plaintiff Langston was not compensated for hours worked during her lunch time.

101.     Plaintiff Langston complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

102.     Plaintiff Langston regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Latasha Oliver**

103.     From May, 2007 to June, 2011 Plaintiff was employed as a CNA at the Southern Trace Rehabilitation and Care Center nursing home and rehab facility located in Bryant, Arkansas.

104.     As a CNA, Plaintiff Oliver's primary job duty was nursing, and taking care of the patients of the facility.

105.     Plaintiff Oliver had to work through her lunch on a regular basis due to understaffing and business of the facility.

106.     Southern Trace was aware that Plaintiff Oliver was working through her lunch time, and yet deducted 30 minutes from Plaintiff Oliver's time reports on a daily basis. As a result, Plaintiff Oliver was not compensated for hours worked during her lunch time.

107.     Plaintiff often clocked out at the end of her shift, and was then told to stay on call, between thirty minutes to an hour, until the next CNA arrived for their shift. She was not compensated for this time.

108.     Plaintiff Oliver complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

109. Plaintiff Oliver regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Samantha Pace**

110. From August, 2008 through June, 2009, Plaintiff Pace was employed as a LPN at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

111. As a CNA, Plaintiff Pace's primary job duty was nursing, and taking care of the patients of the facility.

112. Plaintiff Pace had to work through her lunch on a regular basis due to understaffing and business of the facility.

113. Courtyard knew about Plaintiff Pace working through her lunch time, and yet deducted 30 minutes from Plaintiff Pace's time reports on a daily basis. As a result, Plaintiff Pace was not compensated for hours worked during her lunch time.

114. Plaintiff Pace complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

115. Plaintiff Pace regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Hazel Taylor**

116. From December, 2008 through April, 2010, Plaintiff Taylor was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

117. As a CNA, Plaintiff Taylor's primary job duty was nursing, and taking care of the patients of the facility.

118.   Plaintiff Taylor had to work through her lunch on a regular basis due to understaffing and business of the facility.

119.   Courtyard knew about Plaintiff Taylor working through her lunch time, and yet deducted 30 minutes from Plaintiff Taylor's time reports on a daily basis.  As a result, Plaintiff Taylor was not compensated for hours worked during her lunch time.

120.   Plaintiff Taylor complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

121.   Plaintiff Taylor regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Stephanie Watson**

122.   From April 15, 2008 through the present, Plaintiff Watson was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

123.   As a CNA, Plaintiff Watson's primary job duty was nursing, and taking care of the patients of the facility.

124.   Plaintiff Watson had to work through her lunch on a regular basis due to understaffing and business of the facility.

125.   Courtyard knew about Plaintiff Watson working through her lunch time, and yet deducted 30 minutes from Plaintiff Watson's time reports on a daily basis.  As a result, Plaintiff Watson was not compensated for hours worked during her lunch time.

126.   Plaintiff Watson complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

127.    Plaintiff Watson regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

**Plaintiff Laura Wright**

128.    From 2002 to the present, Plaintiff Wright was employed as a CNA at the Courtyard Rehabilitation and Health Center nursing home and rehab facility located in El Dorado, Arkansas.

129.    As a CNA, Plaintiff Wright's primary job duty was nursing, and taking care of the patients of the facility.

130.    Plaintiff Wright had to work through her lunch on a regular basis due to understaffing and business of the facility.

131.    Courtyard knew about Plaintiff Wright working through her lunch time, and yet deducted 30 minutes from Plaintiff Hill's time reports on a daily basis.  As a result, Plaintiff Wright was not compensated for hours worked during her lunch time.

132.    Plaintiff Wright complained to her supervisors about not getting paid for all hours she worked on numerous occasions.

133.    Plaintiff Wright regularly worked approximately 2-5 overtime hours per week for which she was not compensated.

## COLLECTIVE ACTION ALLEGATIONS

134.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

135.    Plaintiffs bring this FLSA collective action on behalf of Plaintiffs and all others similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All hourly paid employees of Defendants, who worked for Defendants in excess of forty hours per week within three years

preceding the filing of this action whose were subjected to an automatic deduction for meal breaks and were not compensated for this time.

136. The definition of the class may be further refined following discovery of Defendants' books and records.

137. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

a. Whether Defendants unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs and prospective FLSA Collective Action Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

b. Whether Defendants unlawfully failed and continue to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.;*

c. Whether Defendants' failure to pay overtime to the FLSA Collective Action Plaintiffs was willful within the meaning of FLSA;

d. Whether Defendants failed and continue to fail to maintain accurate records of actual time worked by the FLSA Collective Action Plaintiffs;

e. Whether Defendants failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

138. Counsel for Plaintiffs will adequately protect the interests of Plaintiffs and others similarly situated and is experienced with class/collective litigation and has previously served as class counsel in FLSA litigation.

139. Plaintiffs and the class Plaintiffs represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

140. Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are subject to Defendants' common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

141. The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendants, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class mail to their last known address as soon as possible.

142. Defendants have engaged in a continuing violation of the FLSA.

143. Plaintiffs and those similarly situated were denied overtime wages as a result of Defendants' pay practices. This violation was intended by Defendants and was willfully done.

144. Defendants' action in denying overtime wages to Plaintiffs was intentional and constitutes a willful violation of the FLSA.

145. Plaintiffs have signed Consent to Sue forms pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other individuals will sign consent forms and join as plaintiffs on this claim in the future.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and all FLSA Collective Action Plaintiffs)

146. Plaintiffs, on behalf of themselves and all FLSA Collective Action Plaintiffs, re-allege and incorporate by reference paragraphs above as if they were set forth again herein.

147. At all relevant times, Courtyard, Summit, Southern Trace and Brookridge Cove were "primarily engaged in the care of the sick, the aged, or the mentally ill", and are covered employers under Section 3(s)(1)(B) of the FLSA.

148.    At all relevant times, Courtyard, Summit, Southern Trace and Brookridge Cove constituted a single enterprise within the meaning of 29 U.S.C. § 203(r), with combined annual gross revenues in excess of $500,000.

149.    As a consequence of Defendants' employment practices whereby they deduct thirty (30) minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiffs and others similarly situated were denied statutory overtime wages as required by the FLSA.

150.    As a consequence of Defendants' employment practices whereby they would fail to compensate their hourly, non-exempt employees for work performed in excess of 40 hours per week, including work performed before and after their scheduled shifts, Plaintiffs and others similarly situated were denied statutory overtime wages as required by the FLSA.

151.    Plaintiffs and others similarly situated are or were employees of Defendants within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

152.    As a result of Defendants' violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendants the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### PLAINTIFFS' SECOND CLAIM FOR RELIEF
#### (Violations of the Arkansas Minimum Wage Act)

153.    The allegations set forth in the preceding paragraphs are incorporated herein.

154.    At all relevant times, Defendants have been Plaintiffs' "employers" within the meaning of Ark. Code Ann. § 11-4-203(4).

23

155. At all relevant times, Plaintiffs have been Defendants' "employees" within the meaning of Ark. Code Ann. § 11-4-203(3), without exemption or exception.

156. Ark. Code Ann. § 11-4-211(a) states as follows:

Except as otherwise provided in this section and §§ 11-4-210 and 11-4-212, no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed.

157. Plaintiffs are entitled to compensation for all hours worked in excess of 40 per week at a rate not less than one and one-half (1 1/2) times their regular rate of pay.

158. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to compensate Plaintiffs for work performed at the rate required by Ark. Code Ann. § 11-4-211.

159. Defendants violated and continue to violate the Arkansas State law by failing to pay Plaintiffs for all hours actually worked at the rate prescribed therein.

160. Plaintiffs have sustained substantial damages as a result of the Defendants' violations of the Arkansas State law.

161. Defendants' violations entitle Plaintiffs to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) in the form of double the compensatory damages set forth in Ark. Code Ann. § 11-4-218(a)(1)(B)(i).

162. Plaintiffs are entitled to an award of attorneys' fees and court costs pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

163. Plaintiffs' Consent to Join are attached hereto as Exhibit B and incorporated herein.

## PRAYER FOR RELIEF

164.    Plaintiffs demand a jury trial on all issues herein.

**WHEREFORE**, Plaintiffs and all others similarly situated who join in this action

demand:

a) Issuance of notice as soon as possible to all persons who were employed by Defendants on a nonexempt basis during any portion of the three years immediately preceding the filing of this action.

b) Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

c) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and others similarly situated at the applicable overtime rates;

d) Judgment against Defendants that their violations of the FLSA were willful;

e) An equal amount to the overtime damages as liquidated damages;

f) All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

g) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

h) Leave to amend to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206;

i) Leave to amend to add other defendants who meet the definition of "employer" as defined at 29 U.S.C. § 203(d);

j) An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit, and

For all such further relief as the Court deems just and equitable.

Respectfully submitted,

John T. Holleman – AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson – AR Bar #2009111
maryna@johnholleman.net
Stephen Rauls, AR Bar #2011170
steve@johnholleman.net


HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, AR 72201
Tel. 501.975.5040
Fax 501.975.5041

&

William B. Ryan - TN Bar #20268
billy@donatilawfirm.com
Bryce W. Ashby - TN Bar #26179
bryce@donatilawfirm.com
DONATI LAW FIRM, LLP
1545 Union Avenue
Memphis, TN 38104
Tel. 901.278.1004
Fax 901.278.3111

&

Thomas G. Buchanan - AR Bar #2003037
tom@thomasbuchananlaw.com
Susan E. Burgess – AR Bar #2010196
LAW OFFICE OF
THOMAS G. BUCHANAN
The Gans Building
217 West Second Street, Suite 115
Little Rock, AR 72201
Tel. 501.296.9820
Fax 501.296.9823