IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BETTY AARON, *et al.*                                                                    PLAINTIFFS

V.                                         CASE NO. 1:12-CV-1112

SUMMIT HEALTH AND
REHABILITATION, LLC, *et al.*                                                       DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion to Certify. ECF No. 43. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs ask the Court to certify this case to proceed as a collective action and to authorize the issuance of their proposed notice to all potential plaintiffs. Defendants have responded. ECF No. 58. Plaintiffs have filed a reply. ECF No. 62. The matter is ripe for the Court's consideration.[1]

## BACKGROUND

Plaintiffs claim that they were denied overtime pay in violation of the FLSA. The named Plaintiffs and the proposed class members are current or former employees of nursing homes operated by Defendants[2] in El Dorado, Taylor, Morrilton, and Bryant, Arkansas. Plaintiffs allege that Defendants failed to compensate their hourly employees for work performed in excess of forty (40) hours per week, including work performed before and after their scheduled shifts.

---

[1] The Court notes that Defendants have filed a Motion to Dismiss arguing that Plaintiffs lack standing to bring claims based on joint employment status and that Plaintiffs have failed to allege the elements of single enterprise status. ECF No. 59. Plaintiffs' Motion to Certify, however, should be considered before Defendants' Motion to Dismiss. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) ("[C]lass certification issues are . . . 'logically antecedent' to Article III concerns, and themselves pertain to statutory standing, which may properly be treated before Article III standing.")

[2] The Defendants in this action are Summit Health and Rehabilitation, LLC; Progressive ElderCare Services-Bryant, Inc. d/b/a Southern Trace Rehabilitation and Care Center; or Courtyard Rehabilitation and Health Center, LLC; SA ElderCare, LLC; Progressive ElderCare Services-Morrilton, Inc. d/b/a Brookridge Cove Rehabilitation and Care Center; and John Ponthie, individually and in his capacity as owner, manager, officer, and/or incorporator of the corporate defendants.

Plaintiffs seek certification of this collective action because they contend there are other similarly situated hourly employees of Defendants that were denied their full compensation under similar circumstances. Plaintiffs seek to certify as a collective action the following class:

> All non-exempt hourly employees of Summit Health and Rehabilitation, LLC, Southern Trace Rehabilitation and Care Center, Courtyard Rehabilitation and Health Center, LLC, SA Eldercare, and Brookridge Cove Rehabilitation and Care Center employed within three (3) years preceding December 5, 2012, and continuing thereafter through the date on which final judgment is entered in this action and who timely file a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

According to Plaintiffs, hourly employees of certain facilities owned by Defendants are subject to a common policy of automatically deducting thirty (30) minutes for meal breaks each day without consideration of whether a meal break was actually taken. As a result of Defendants' timekeeping policy, Plaintiffs claim they were not paid for their time worked over 40 hours per week. Plaintiffs claim that, for various reasons, they often had to work through meal breaks. Plaintiffs also assert that they had no meaningful way to reclaim their missed meal breaks.

## DISCUSSION

There are two issues before the Court: (1) whether conditional certification of the collective action is proper; and if so, (2) whether Plaintiffs' proposed notice to other potential plaintiffs should be authorized.

Section 216(b) of the FLSA provides that an employee or employees may maintain an action to recover for the liability prescribed in the section against any employer on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The operative phrase is the term "similarly situated."

Collective actions are intended to serve the interests of judicial economy and to aid in the vindication of plaintiffs' rights. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

Unlike Federal Rule of Civil Procedure 23, a collective action maintained under the FLSA is pursued as an opt-in class. *c.f.,* 29 U.S.C. § 216(b) (stating that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought."); *and* Fed. R. Civ. P. 23(c) (requiring that the notice to class members include a statement "that the court will exclude from the class any member who requests exclusion").

District courts have discretion, in appropriate cases, to facilitate notice to potential members of the class on whose behalf a collective action has been brought. *Hoffman-La Roche*, 493 U.S. at 169. Once the FLSA action has been filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way. *See id.* at 170-71.

The prevailing approach among federal courts for certifying collective actions under § 216(b) involves a two-stage process: (1) the notice stage; and (2) the opt-in or merits stage. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). During the notice stage, the court makes a decision—usually based only on the pleadings and affidavits that have been submitted—whether notice should be given to potential class members. *Id.* at 1213. If the court allows for notification, the court typically creates a conditional certification of a representative class and allows notice to be sent to the potential opt-in plaintiffs.[3] *Id.* at 1214. In this case, Plaintiffs have alleged sufficient facts to receive conditional certification, but their proposed notice is improper in part.

---

[3] After notification is authorized, the second stage of the two-stage process is typically precipitated by a motion to decertify by the defendant, which is usually filed when discovery is largely complete. *Mooney*, 54 F.3d at 1214. At that time, the court then proceeds to the merits stage to determine whether the class should be maintained through trial. *Id*. If the court decides to decertify the class, the opt-in class members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacities. *Id*. At this time, the Court is only concerned with the first stage of the two-stage process.

### A. Conditional Certification

During the notice stage, the Court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *See Thiessen*, 267 F.3d at 1106-07. The Court also does not make credibility determinations or resolve contradictory evidence presented by the parties. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996). Instead, the Court determines whether, under the lenient standard of the notice stage, the named Plaintiffs, through their pleadings and affidavits, have demonstrated that they are "similarly situated" to the potential collective action members. *See* 29 U.S.C. § 216(b); *Thiessen*, 267 F.3d at 1106-07.

The FLSA does not define the term "similarly situated," but it typically requires a showing that the plaintiffs and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *See Thiessen*, 267 F.3d at 1106-08; *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007). The "similarly situated" determination requires only a modest factual showing; it does not require the plaintiff and the potential class members to show that they are identically situated. *See Kautsch*, 504 F. Supp. 2d at 689.

In this case, the named Plaintiffs have made a preliminary showing that the hourly employees of the nursing homes are similarly situated. Plaintiffs have come forward with substantial allegations that they and the other members of the proposed collective action were victims of a common policy of automatically deducting meal breaks from all hourly employees and depriving the employees of the opportunity to reclaim the lost breaks.

Defendants argue that there is no evidence that all hourly employees have the same duties and responsibilities or that all hourly employees were affected in a similar way regarding meal

breaks. For example, Defendants state that some hourly employees get a one-hour meal break and the reasons for employees not taking meal breaks likely vary depending on their specific job duties and supervisors. Furthermore, Defendants point out that there is no declaration from any hourly employees in a maintenance position who claim to have worked through meal breaks. These arguments may prove convincing at the decertification stage of this litigation; however, at the notice stage, Defendants' arguments do not preclude conditional certification of a collective action. Plaintiffs have adequately alleged that they and the employees they seek to represent were required to perform similar work without pay regardless of their individual job titles and supervisors.

Defendants assert that automatically deducting a meal break is not per se illegal as long as the employer provides employees with an effective method to reclaim the time that they worked during their meal break. In Defendants' response, they point out that at least two Courtyard employees were aware of a way to reclaim their automatically deducted meal break time.[4] This evidence, however, is of no consequence at this stage of the litigation. The Court need not resolve evidentiary contradictions at the notice stage. *Grayson*, 79 F.3d at 1099 n.17. Arguments addressing the merits of alleged FLSA violations are of little help during the notice stage of the certification process. For the reasons discussed above, the Court finds that Plaintiffs have satisfied the lenient standard at the notice stage of § 216(b), showing that Defendants' hourly employees are similarly situated. Accordingly, conditional certification is granted.

---

[4] The Court notes that one declaration from a Courtyard employee states that "for a brief time, approximately two months, reclamation forms were made available to [employees] to fill out on those days when [employees] missed [their] lunches." ECF No. 44-2, ¶5. Another Courtyard employee claims to have "filled out and submitted time reclamation forms" on "several occasions" but denies that she was ever compensated for her reclaimed time. ECF No. 44-8, ¶5.

### B. Proposed Notice

Once the Court has determined that potential opt-in plaintiffs may be similarly situated for the purposes of certifying the collective action and authorizing notice, Plaintiffs must send a court-approved notice to the potential class members. *See Kautsch*, 504 F. Supp. 2d at 689. Plaintiffs have submitted a proposed notice to be sent to the potential opt-in plaintiffs. ECF No. 43-1. In its response to Plaintiffs' certification motion, Defendants make four primary objections.

First, Defendants argue that the notice is deficient based on the proposed class definition because it does not mention the specific alleged violation at issue under the FLSA. Plaintiffs, however, state that they are willing to amend the notice to make clear that the FLSA violation at issue is the alleged failure of Defendants to pay Plaintiffs for all hours worked in excess of forty due to uncompensated meal breaks. Plaintiffs are directed to make this amendment to the proposed notice.

Second, Defendants argue that Plaintiffs' notice is not properly drafted because it is addressed to all former and current employees, some of whom may be exempt from the requirements of the FLSA. While the notice is addressed to all present and former employees, Plaintiff's description of the lawsuit states that "Plaintiffs . . . are current and former employees of [certain facilities owned by Defendants] who were paid by the hour and classified as non-exempt from requirements of the [FLSA]." Any vagueness as to who the notice is addressed is likely clarified by the description of the lawsuit. Plaintiffs, however, state they are willing to amend the notice to specify that "present and former employees" of the facilities refers only to those hourly, non-exempt employees covered by the FLSA. Plaintiffs are directed to make this amendment to the proposed notice.

Third, Defendants repeat their arguments regarding a lack of similarity among the class. Defendants claim the notice is deficient because it references a class made up of hourly employees of Defendants without regard to specific job titles and duties. Defendants argue that all of Defendants' hourly employees cannot be considered similarly situated due to widely varying job duties and positions. The Court has already addressed this issue. Plaintiffs have sufficiently shown that all hourly employees of Defendants are subject to the common timekeeping practice of automatically deducting thirty (30) minutes for meal breaks each day without consideration of whether a lunch break was actually taken. This makes every hourly employee susceptible to the same under reporting of their time as Plaintiffs in spite of any varying job titles or duties. Accordingly, at this stage in the proceedings, the similarly situated requirement has been met.

Fourth, Defendants argue that the proposed notice overstates the applicable statutory period when it refers to three years. Under 29 U.S.C. § 255(a), FLSA claims generally have a two-year statute of limitations. An exception to that two-year limitations period occurs when there has been a willful violation of the Act, in which case the limitations period extends to three years. *Id*. Defendants assert that Plaintiffs have not shown that any alleged FLSA violations were willful and thus the defined putative class should include a two-year statute of limitations. Plaintiffs, however, have alleged willfulness. Whether this allegation is true is an issue that goes to the merits of the case, not whether notice should be issued to potential Plaintiffs. *Resendiz-Ramirez v. P & H Forestry*, LLC, 515 F. Supp. 2d 937, 942 (W.D. Ark. 2007). Thus, for notice purposes, the statute of limitations is three years.

Plaintiffs request that Defendants be required to produce the following information on its employees: name, address, telephone number, dates of employment, employee number, and the

last four digits of their social security number. Plaintiffs also ask that Defendants be required to post notice of this action at the relevant workplaces and include the notice in the employees' next paychecks in addition to mailing the notices. Defendants do not object to any of these requests regarding notice. The Court finds that Plaintiffs' requests regarding notice are reasonable except for one. Placing the burden on Defendants to include the notice in employee paychecks along with mailing the notices seems duplicative and unreasonable. This request is denied, and Defendants are not required to place the notice in employees' paychecks or to mail out notices to employees. Plaintiffs' remaining requests regarding notice are granted. Defendants must produce the requested information in a usable format within fourteen (14) days from the date of this Order.

The Court finds that other alterations to the proposed notice are needed. Plaintiffs' proposed notice states that "Plaintiffs seek to sue on behalf of themselves and on behalf of other Present and Former hourly-paid employees of [Defendants] who worked at their facilities . . . at any time during the three years before the date of December 5, 2012, to the present." ECF No. 43-1, ¶ 3. This same date—December 5, 2012—is referenced in the paragraph of the proposed notice explaining the effect of joining the lawsuit. ECF No. 43-1, ¶ 5. The Court presumes that Plaintiffs selected the date of December 5, 2012, because that is the date the original complaint was filed in this case. ECF No. 1. In collective actions, however, the statute of limitations is not tied to the filing of the complaint for opt-in plaintiffs. Instead, it continues to run against any individual claimant until the date on which the person files a written consent with the court to opt-in. 29. U.S.C. § 256.

Plaintiffs' proposed notice does not include a statement clearly explaining that claims of employees may be time-barred depending on when they elect to opt-in and, if so, that no

8

recovery will be available. This information should be clearly set out in the notice sent to potential plaintiffs. To further alleviate this statute of limitations concern, the Court finds that notice should only go to individuals who were employed by Defendants during the three-year period immediately preceding this ruling. Plaintiffs should therefore promptly supplement their proposed notice and address these issues. Further, Plaintiffs should change the trial date referenced in paragraph two of the proposed notice to the current trial date.

## CONCLUSION

For the reasons explained above, Plaintiffs' motion for certification and for authorization of their proposed notice should be and hereby is **GRANTED IN PART and DENIED IN PART**. The motion is granted in that the action is hereby conditionally certified to proceed as a collective action. The motion is denied to the extent that Plaintiffs' proposed notice must be amended. Plaintiffs shall submit a revised proposed notice to the Court along with a motion requesting approval within seven (7) days of the entry of this order. Once the Court approves the notice, Plaintiffs shall have sixty (60) days to distribute the notices and file opt-in consent forms with the Court.

**IT IS SO ORDERED**, this 19th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge