IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BETTY AARON, *et al.*                                                                           PLAINTIFFS

V.                              CASE NO. 1:12-CV-1112

SUMMIT HEALTH AND
REHABILITATION, LLC, *et al.*                                             DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss. ECF No. 59. Plaintiffs have filed a response. ECF No. 64. Defendants have filed a reply. ECF No. 67. The matter is ripe for the Court's consideration.

## BACKGROUND

Plaintiffs claim that they were denied overtime pay in violation of the FLSA. The Court has certified a collective action consisting of current or former hourly employees of nursing homes operated by Defendants[1] in El Dorado, Taylor, Morrilton, and Bryant, Arkansas. Plaintiffs and the collective members allege that Defendants failed to compensate their hourly employees for work performed in excess of forty (40) hours per week, including work performed before and after their scheduled shifts in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

---

[1] The Defendants in this action are Summit Health and Rehabilitation, LLC ("Summit"); Progressive ElderCare Services-Bryant, Inc. d/b/a Southern Trace Rehabilitation and Care Center ("Southern Trace"); or Courtyard Rehabilitation and Health Center, LLC ("Courtyard"); SA ElderCare, LLC ("ElderCare"); Progressive ElderCare Services-Morrilton, Inc. d/b/a Brookridge Cove Rehabilitation and Care Center ("Brookridge"); and John Ponthie, individually and in his capacity as owner, manager, officer, and/or incorporator of the corporate defendants.

**DISCUSSION**

Defendants generally make the following three arguments in their Motion to Dismiss: (1) the named Plaintiffs lack standing to sue all Defendants; (2) Separate Defendants John Ponthie and ElderCare are not "employers" as defined by the FLSA; and (3) Plaintiffs' claims should be severed into two actions. The Court will address each argument in turn.

**A. Standing**

Defendants argue that all named Plaintiffs lack standing to assert claims against all Defendants. Plaintiffs have collectively sued four nursing home facilities, one corporate defendant, and one individual defendant. The named Plaintiffs in this action have only alleged that they are employed by two of the nursing homes: Courtyard and Summit. Defendants assert that, because none of the named Plaintiffs are employed by Brookridge Cove[2] and Southern Trace,[3] all claims against these entities should be dismissed.

This lawsuit has been certified to proceed as a collective action. Thus, "standing issues 'must be assessed with reference to the class as a whole, not simply with reference to the individual named Plaintiffs.'" *Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-04175-NKL, 2011 WL 3794021, at *11 (W.D. Mo. Aug. 25, 2011) (quoting *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002)). Here, unnamed collective members include employees of Brookridge and Southern Trace who would have standing to bring claims against these two entities as employers. Stated another way, even though the named individual Plaintiffs may not have standing to assert claims against Brookridge and Southern Trace, these claims can be

---

[2] Plaintiff David Kelley, who alleged that he was an employee of Brookridge Cove, was voluntarily dismissed from this lawsuit on August 19, 2013. ECF No. 56.
[3] Plaintiff Latasha Oliver alleged in the Complaint that she was employed at Southern Trace. Oliver, however, declares that she works for Courtyard in a subsequent declaration. ECF No. 44-8. Plaintiff Oliver states that the statement in the declaration contains a clerical error and that her employer is actually Southern Trace. ECF No. 64, p. 6.

brought by certain members of the collective action. Accordingly, because of the presence of the collective members in this case, the Court has subject matter jurisdiction over these claims against Brookridge and Southern Trace regardless of whether any named Plaintiffs are employees of these entities.[4] *See Bishop v. Comm. on Prof'l Ethics*, 686 F.2d 1278, 1285 (8th Cir. 1982) ("When the district court certifies the propriety of a class action, the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiffs])."); *Gilmor v. Preferred Credit Corp.*, No. 10-0189-CV-W-DS, 2011 WL 111238 (W.D. Mo. Jan. 13, 2011) (concluding that the court had subject matter jurisdiction over claims that could be brought by members of the certified class, but could not have been brought by any of the named plaintiffs).

As a practical matter, however, it is prudent to have a specific named plaintiff for each nursing home in this lawsuit. *See Gilmor*, 2011 WL 111238, at *7. Therefore, Plaintiffs shall file an appropriate motion to designate such employees prior to the close of discovery.

### B. Employers under the FLSA

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003). To survive a motion to dismiss, a complaint "need not include detailed factual allegations," *C.N. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629 (8th Cir. 2010), but it must contain sufficient

---

[4] Plaintiffs assert that their single enterprise allegations also provide a basis for the named Plaintiffs to sue all Defendants in this matter. The Court, however, finds that it is not necessary to decide the single enterprise issue at this stage in the litigation.

factual matter, accepted as true, "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants argue that all claims against John Ponthie and ElderCare should be dismissed because the named Plaintiffs failed to allege facts that establish that they are Plaintiffs' "employers" as that term is defined by the FLSA. Under the FLSA, an "employer" broadly includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). According to the Eighth Circuit, a corporate officer with operational control of the corporation's day-to-day functions is an employer as defined by the FLSA. *Wirz v. Pure Ice Co., Inc.*, 322 F.2d 259, 262-63 (8th Cir. 1963). A stockholder of a company who is "engaged in the active management of the affairs of the corporation, although he is 'shown not to have assumed any special obligation individually to pay the wages or salaries of [employees]'" is also an employer under the FLSA. *Chambers Constr. Co. v. Mitchell*, 233 F.2d 717, 724 (8th Cir. 1956). The "active management test" provides that a corporate officer may be included in the definition of "employer" if he hires the supervisors and home office workforce and if the wages of the corporation's employees are subject to his control, if only in varying degrees. *Id*.

Here, Plaintiffs state that Ponthie is an officer and has an ownership interest in each nursing home involved in this case. ECF No. 29, ¶¶ 16-17. Plaintiffs allege that Ponthie "manages and controls Courtyard, Summit, Southern Trace and Brookridge Cove and make[s] all critical decisions regarding staffing, budgets and census." ECF No. 29, ¶ 47. Plaintiffs further allege that Ponthie "creates and enforces policies of Courtyard, Summit, Southern Trace, and Brookridge Cove and makes decisions affecting the wages and hours of their employees." ECF No. 29, ¶ 46. Plaintiffs have asserted in their Amended Complaint that Ponthie has significant

ownership interests in the nursing homes and operational control of the major aspects of the nursing homes' day-to-day functions, including decisions affecting the hiring, firing, and payment of wages to employees. Accordingly, Plaintiffs have stated a plausible claim that Ponthie is an "employer" pursuant to the FLSA.

As for ElderCare, Plaintiffs have likewise alleged that it is an owner of Courtyard with the authority to control employee wages, schedules, and the manner in which work is performed. ECF No. 29, ¶¶ 26-27. Thus, Plaintiffs have stated a plausible claim that ElderCare is an "employer" pursuant to the FLSA.

### C. Severance

Defendants argue that, because all named Plaintiffs do not have standing to sue all Defendants, Plaintiffs' claims in this case should be severed into two separate classes: (1) claims against Courtyard and (2) claims against Summit. The Court, however, rejected Defendants' argument that all named Plaintiffs must have standing to sue all Defendants. Instead, the Court found that the collective members as a whole have standing to sue all Defendants. Accordingly, at this stage in the litigation, the Court does not see a reason to sever the claims in this action. The Court notes, however, that severance may become an issue again at the decertification stage of this litigation.

### CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**, this 19th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge