IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SHARON LANGSTON, *et al.*                                                                  PLAINTIFFS


VS.                                              CASE NO. 12-CV-1112


SUMMIT HEALTH AND
REHABILITATION, LLC, *et al.*                                                              DEFENDANTS


## **MEMORANDUM OPINION**

Before the Court is Defendant John Ponthie's Motion for Summary Judgment. (ECF No. 220). Plaintiffs have responded. (ECF No. 237). Ponthie has replied. (ECF No. 244). Defendant SA Eldercare, LLC has also filed a Motion for Summary Judgment. (ECF No. 223). Plaintiffs have responded. (ECF No. 233). These matters are ripe for the Court's consideration.

## BACKGROUND

On December 5, 2012, Plaintiffs filed this lawsuit under §§ 207, 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of themselves and other hourly employees claiming that Defendants denied overtime pay in violation of the FLSA. The Court granted conditional certification of a collective action under § 216(b) of the FLSA on March 19, 2014. (ECF No. 101). Subsequently, the Court granted Defendants' Motion for Decertification. (ECF No. 248).

Plaintiffs allege that they are current or former hourly employees of Defendant Ponthie, Defendant SA Eldercare, LLC, and other Defendants. Plaintiffs sued Ponthie individually in his capacity as owner, manager, officer and/or incorporator of the nursing home facilities at which Plaintiffs worked. They contend that he had exercised control over the conditions of Plaintiffs'

employment by setting wages and employees' schedules and creating and enforcing employment policies. Ponthie denies that he was an employer under the FLSA and maintains that he did not control any condition of employment as to any Plaintiff. He contends that he lacked the power as an owner or officer to create and enforce employment-related policies or practices. Plaintiffs also sued SA Eldercare, alleging that it was an employer under the FLSA. SA Eldercare maintains that it was nothing more than a passive investor in Defendant Courtyard Health and Rehabilitation, LLC ("Courtyard") and lacked the power to control Courtyard or any of its employees.

## LEGAL STANDARD

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

## DISCUSSION

The existence of an employer-employee relationship is a prerequisite to asserting a claim under the FLSA. 29 U.S.C. § 216(b). The plaintiff bears the burden of establishing an

employer-employee relationship. *Childress v. Ozark Delivery of Missouri L.L.C.*, 2015 WL 997696, at *7 (W.D. Mo. 2015). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 USC § 203(d). An "employee" is defined as "any individual employed by an employer." 29 USC § 203(e)(1). Under the Department of Labor Regulations, a joint employment relationship can exist where an employee "performs work which simultaneously benefits two or more employers." 29 C.F.R. § 791.2(b). Whether an entity or an individual is a "joint employer" is a question of law. *Catani v. Chiodi*, 2001 WL 920025, at *6 (D. Minn. 2001).

The Supreme Court has held that courts should consider the "economic reality" rather than "technical concepts" when evaluating whether there is an employment relationship for purposes of the FLSA. *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961). In determining whether an employer is a "joint employer" under the "economic realities test", courts consider whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee's work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Childress*, 2015 WL 997696, at *7; *Catani*, 2001 WL 920025, at *6. Application of the "economic realities" test is not mechanical. *Catani*, 2001 WL 920025, at *3. The test assesses "the totality of the circumstances, and not any one factor, which determines whether a worker is the employee of a particular alleged employer." *Id.* The overarching concern is whether "the alleged employer possessed direct or indirect power to control significant aspects of the plaintiff's employment." *Childress*, 2015 WL 997696, at *7.

3

### A. John Ponthie

In support of their contention that Ponthie is an employer pursuant to the FLSA, Plaintiffs offer deposition testimony of employees stating that Ponthie is the owner of the nursing homes, but none of the employees testified that he had supervised or disciplined them, hired or fired them, or spoken to them about their wages or employment records. One Plaintiff testified that when Ponthie bought the facility at which she was employed, he sat down with the employees and discussed how the facility would be operated. Plaintiffs also reference a deposition from November 2010, in which Ponthie acknowledged that he was managing member of the Courtyard facility and a consultant for Summit Health, which had an administrative services agreement with other Defendant facilities.

Standing alone, this evidence is insufficient to support a finding that Ponthie is an "employer" under the FLSA. Plaintiffs offer no evidence of Ponthie's operational control over the facilities and thus over Plaintiffs. They fail to explain what Ponthie's role was as a consultant to Summit Health and as managing member of Courtyard. There is no indication that he exercised direct or indirect control over aspects of Plaintiffs' employment. Furthermore, it is Ponthie's position that he was not managing member of Courtyard during the period at issue in the present action. His position is consistent with his deposition testimony from November 2010. Plaintiffs admit that Ponthie did not hire, fire, or supervise employees at any of the facilities. There is no evidence that Ponthie maintained employment records, controlled employees' schedules, or created and enforced employment-related policies. Therefore, considering the totality of the circumstances, the Court finds that Defendant Ponthie was not an employer of Plaintiffs under the FLSA.

### B. SA Eldercare, LLC

SA Eldercare maintains that it was not Plaintiffs' employer under the FLSA. Plaintiffs indicate that when their Complaint was originally filed, they believed in good faith that SA Eldercare was an employer of Plaintiffs at Courtyard. However, Plaintiffs now agree that SA Eldercare is not an employer and summary judgment should be granted in its favor. Accordingly, the Court finds that SA Eldercare was not Plaintiffs' employer under the FLSA.

### CONCLUSION

For the reasons stated above, the Court finds that Defendant Ponthie's Motion for Summary Judgment (ECF No. 220) should be and hereby is **GRANTED**. Defendant Ponthie is **DISMISSED WITH PREJUDICE**. The Court further finds that Defendant SA Eldercare's Motion for Summary Judgment (ECF No. 223) should be and hereby is **GRANTED**. Defendant SA Eldercare is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of July, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge