IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SHARON LANGSTON, *et al.*                                                                 PLAINTIFFS


VS.                                           CASE NO. 12-CV-1112


SUMMIT HEALTH AND
REHABILITATION, LLC, *et al.*                                                              DEFENDANTS



**MEMORANDUM OPINION**

Before the Court is Defendants' Partial Motion for Summary Judgment on Statute of Limitations and Liquidated Damages. (ECF No. 226). Plaintiffs have responded. (ECF No. 234). Defendants have replied. (ECF No. 243). This matter is ripe for the Court's consideration.

**BACKGROUND**

On December 5, 2012, Plaintiffs filed this lawsuit under §§ 207, 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of themselves and other hourly employees claiming that Defendants denied overtime pay in violation of the FLSA. The Court granted conditional certification of a collective action under § 216(b) of the FLSA on March 19, 2014. (ECF No. 101). Subsequently, the Court granted Defendants' Motion for Decertification. (ECF No. 248).

Plaintiffs are current or former hourly employees of three different nursing home facilities: Southern Trace, Summit, and Courtyard. They allege that Defendants willfully violated the FLSA and, therefore, a three-year statute of limitations should apply. Plaintiffs also seek liquidated damages. Defendants have moved for partial summary judgment on the issue of

1

the statute of limitations, arguing that there is no evidence that Defendants' actions were willful as required under the FLSA for a three-year statute of limitations to apply. Furthermore, Defendants contend that they are entitled to summary judgment on Plaintiffs' claims for liquidated damages because Defendants acted in good faith and with reasonable belief that they complied with the FLSA.

## LEGAL STANDARD

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

## DISCUSSION

### A. Statute of Limitations

Plaintiffs contend that although Defendants had a written policy requiring nonexempt workers to record all time worked, the actual practice of Defendants was to discourage employees from recording time. Defendants argue that they established their policies and procedures in a good-faith effort to comply with the FLSA.

Generally, FLSA violations have a two-year statute of limitations, but if the violations are willful, the statute of limitations is extended to three years. 29 U.S.C. § 255(a). The Supreme Court has defined a willful violation of the FLSA as one where the employer acts "with knowing or reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Neither an employer's general knowledge about the statute's potential applicability, nor an employer's lack of a 'reasonable basis for believing that it was complying' with the FLSA, is by itself sufficient to demonstrate an employer's willfulness." *Reedy v. Rock-Tenn Co. of Arkansas*, 2009 WL 1855544, at *8 (E.D. Ark. 2009) (quoting *Richland Shoe*, 486 U.S. at 134). The willfulness standard requires more than mere negligence or a "good-faith but incorrect assumption that a pay plan complied with the FLSA." *Richland Shoe*, 486 U.S. at 135. The employees bear the burden of establishing willfulness. *Fenton v. Farmers Ins. Exchange*, 663 F.Supp.2d 718, 728 (D. Minn. 2009).

Plaintiffs have not established that any violations of the FLSA that occurred were willful. The deposition testimony of the four remaining Plaintiffs in this case reveals possible FLSA violations, but Plaintiffs do not show that Defendants exhibited a "knowing or reckless disregard" as to whether their conduct was prohibited by the FLSA. Plaintiff Oliver claimed that Southern Trace frequently did not have time adjustment forms and the CNAs who missed lunch breaks would have to inform their supervisor. (ECF No. 234, Ex. 11, p. 52, lines 3-13). Plaintiff Taylor did not know that time adjustment forms could be used for meal breaks, but she never told anyone at Summit that she had not been paid for all of her time. (ECF No. 234, Ex. 13, p. 41-42, 47). She recalled Summit posting time sheets each week for her review and admitted that she had the opportunity to alert Summit if her time was incorrect, but she never brought any incorrect time cards to Summit's attention. (ECF No. 234, Ex. 13, p. 69, lines 9-16).

Similarly, Plaintiff Langston thought time adjustment sheets were only for clocking errors and she was not sure how to get paid for missed meal breaks. (ECF No. 234, Ex. 6, p. 42-43, 46). However, she understood that she was supposed to get a meal break and that Summit wanted her to have a meal break. (ECF No. 234, Ex. 6, p. 81, lines 2-7). Plaintiff Langston also indicated that she did not know how to read her pay stub when opposing counsel pointed to overtime compensation on one of her pay stubs. (ECF No. 234, Ex. 6, p. 107, lines 1-17). Plaintiff Wright claimed that sometimes she could not find a time sheet, but she said she was paid when she turned in a form. (ECF No. 234, Ex. 16, p. 50, 54). When there were no sheets, she could get a sheet the next week and ask the nurse for whom she had worked to sign it. (ECF No. 234, Ex. 16, p. 56, lines 18-21).

Three of the Plaintiffs acknowledged a way that they could seek compensation for a missed meal break. The fourth Plaintiff, Plaintiff Langston, admitted that she did not know how to read her pay stub, so she might not even know whether she was paid overtime. Perhaps Defendants could be more diligent about restocking the time adjustment forms to make it easier for employees to seek overtime compensation. Nevertheless, their failure to replenish their supply of time adjustment forms does not rise to the level of a willful violation of the FLSA, especially when there are other procedures in place to ensure employees are paid for missed meal breaks and employees are aware of such procedures. Based on the record, no reasonable jury could find that Defendants committed willful violations of the FLSA. Accordingly, Defendants' motion is granted as to this issue.

### B. Liquidated Damages

Defendants assert that they had a good faith basis and reasonable grounds to believe that they were in compliance with the FLSA, and therefore they are entitled to summary judgment on

the issue of liquidated damages. Plaintiffs argue that Defendants have not shown good faith attempts to comply with the FLSA.

Under § 216(b) of the FLSA, an award of liquidated damages "is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 957 (8th Cir. 1999). "The 'good faith' requirement is a subjective standard where the employer must establish 'an honest intention to ascertain and follow the dictates of the FLSA.'" *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008) (quoting *Hultgren v. County of Lancaster*, 913 F.2d 498, 509 (8th Cir.1990)). The award of liquidated damages is intended in part to compensate employees for the delay in payment of wages owed under the FLSA. *Braswell*, 187 F.3d at 957. The employer's burden "is a difficult one, with double damages being the norm and single damages the exception." *Chao*, 547 F.3d at 941-942 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir.1999)).

The Court acknowledges that there is some evidence that Defendants had a good faith basis to believe that they were in compliance with the FLSA. Nevertheless, given the substantial burden that Defendants bear and the policy of compensating employees for the delay in payment of wages, the Court declines to find that Plaintiffs cannot recover liquidated damages as a matter of law. District Courts typically reach the issue of liquidated damages after it has been determined that an FLSA violation has occurred. *See Gustafson v. Full Service Maintenance Corp.*, 2012 WL 2117768, at *3 (E.D. Mo., 2012); *see also Chao*, 547 F.3d at 942 (noting that in order to carry its burden "a defendant employer must show that he took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions"). This Court will do

the same.  In the event an FLSA violation is found, the Court will take up the issue of liquidated damages if requested to do so.  Accordingly, Defendants' motion as to this issue is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment on Statute of Limitations and Liquidated Damages (ECF No. 226) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**,  this 27th day of July, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge